UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

JAMES E. BOSTIC,                )
                                )
        Plaintiff               )
                                )   No. 3:14-1068
v.                              )   Judge Trauger/Bryant
                                )   Jury Demand
SHARA BIGGS, *et al.*,          )
                                )
        Defendants              )

                       **SCHEDULING ORDER**

	This matter has been returned to the undersigned Magistrate Judge to enter a scheduling order for management of the case (Docket Entry No. 5). The following scheduling order is entered:

**I.	GENERAL COURT RULES AND PROCEDURES**

	Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of the filing be sent to the opposing party or the party's counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing that does not comply with this requirement will be returned and/or stricken from the record.

	Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the Clerk's Office, with the docket entry number of the document if possible,

to request a copy. The cost of an electronically filed document is 10¢ per page, or 50¢ per page if it is not electronically filed.

Each party is required to keep both the Court and the opposing party or the party's counsel informed of his or her current address. The Plaintiff's failure to keep the Court informed of his current address may result in a recommendation that the action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II.  PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until **September 22, 2014**, to move to amend the pleadings.

### Discovery

All discovery shall be completed by **November 21, 2014.** By this, the Court means that all written discovery should be served far enough before the discovery completion date, *i.e.,* at least **thirty days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party that would result in responses being served after the

2

discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is sent as an attachment to a discovery motion. A court order is not required for a party to engage in discovery and discovery in an action is not stayed upon the filing of any motion unless specifically ordered by the Court.

### Discovery Motions

All discovery motions must be filed by **November 21, 2014**. All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 37.01 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure. Before any motion related to a discovery dispute is filed, the parties shall conduct a telephone conference with the Magistrate Judge about the matter in dispute.

### Dispositive Motions

All dispositive motions to dismiss or for summary judgment shall be filed by **December 22, 2014.** Responses shall be due by **January 21, 2015**, and replies, if any, limited to **five** pages, shall be due by **February 4, 2015.** Plaintiff is forewarned that dispositive motions must be responded to by **January 21, 2015**, unless an extension is granted by the Court, and that failure to

respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule LR 56.01(a). If dispositive motions are filed before the deadline, the deadlines for filing responses and replies shall be advanced accordingly.

**Other Motions**

Any other motions (other than in limine or related to trial matters) must be filed by **December 22, 2014.**

This matter has not been set for trial but will be ready for a jury trial after **July 6, 2015**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge