```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

JAMES E. BOSTIC,                )
                                )
        Plaintiff               )
                                )   No. 3:14-1068
v.                              )   Judge Trauger/Bryant
                                )   Jury Demand
SHARA BIGGS, et al.,            )
                                )
        Defendants              )
```

**TO:  THE HONORABLE ALETA A. TRAUGER**

<u>**REPORT AND RECOMMENDATION**</u>

Defendants Davidson County Sheriff's Office ("DCSO") and Xyzeidria Ensley have filed their motion requesting a frivolity review of the complaint pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, *et seq*. These Defendants seek dismissal of any claim for which relief cannot be granted against the moving Defendants. Plaintiff Bostic has filed a response in opposition (Docket Entry No. 21).

For the reasons stated below, the undersigned Magistrate Judge grants the Defendants' motion for a frivolity review, and, based upon such review, recommends that the complaint be dismissed for failure to state a claim upon which relief can be granted.

**STATEMENT OF THE CASE**

Plaintiff James E. Bostic, a prisoner proceeding *pro se*, filed his complaint in the Circuit Court for Davidson County, Tennessee, alleging that Defendants have violated his rights under

the Eighth and Fourteenth Amendments of the U.S. Constitution.[1] Specifically, Plaintiff claims that Defendants have been deliberately indifferent to his need for a mental health assessment while he has been confined in the custody of the DCSO in Nashville, Tennessee.

This case has been removed to this Court by Defendant Mental Health Cooperative, Inc. (Docket Entry No. 1).

**STANDARD OF REVIEW**

Regardless of its status as a removed case for which Defendants paid the removal fee, an action in which a prisoner plaintiff challenges conditions of his confinement is subject to an initial review under 42 U.S.C. § 1997e(c)(1). *Malone v. Corrections Corp. of Am.*, 2013 WL 6498067 (M.D. Tenn. Dec. 11, 2013). This statute provides in pertinent part as follows:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.

The Sixth Circuit has held that the legal standard governing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure also governs

---

[1] Plaintiff also lists in his complaint the Americans With Disabilities Act, but he fails otherwise to assert any facts supporting a claim under this statute (Docket Entry No. 1-1 at 3).

dismissal for failure to state a claim under 42 U.S.C. § 1997e. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic

pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

Plaintiff Bostic in his complaint alleges that he has been denied adequate mental health services. Specifically, he claims that on September 20, 2013, Defendant Shara Biggs, identified in the complaint as a social worker, told Plaintiff that he would be given a "mental health assessment recommendation treatment plan" so that once he was released "everything would be in place, such as community housing, community case management services, community counseling services and community substance abuse treatment program services" (Docket Entry No. 1-1 at 1). Plaintiff alleges that Defendant Biggs thereafter intentionally failed and refused to assist him and support him in this matter and that Defendant DCSO has failed to correct this problem. Plaintiff

4

also asserts that Defendant Mental Health Cooperative, Inc. is liable for Defendant Biggs's acts and omissions.

The complaint further asserts that on December 19, 2013, DCSO Mental Health Coordinator Defendant Ensley sent Plaintiff a letter stating that she was not going to "help, assist or support" Plaintiff in obtaining the above mental health services. Finally, Defendant alleges that on January 15, 2014, DCSO mental health staff person Defendant "Ms. Amber" came to see Plaintiff and told him that she was going to help him and would return, but that she has never come back.

Plaintiff claims that Defendants' failure to provide the above listed mental health services has caused him "emotional, mental, physical pain and suffering" (*Id*. at 6) and has violated his constitutional rights under the U.S. Constitution.

Plaintiff seeks punitive and compensatory damages.

The Eighth Amendment of the U.S. Constitution prohibits the infliction of cruel and unusual punishment upon those convicted of crimes. While the Constitution does not mandate comfortable prisons, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does require humane ones. The Eighth Amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).

The Supreme Court has held that "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Here, Plaintiff Bostic's complaint is based not upon an allegation that Defendants have been deliberately indifferent to his serious medical needs. Instead, Plaintiff complains about Defendants allegedly intentional failure to assist him in arranging for various community services that would become available "once he is released." According to the complaint, these services include "community housing, community case management services, community counseling services, and community substance abuse treatment program services" (Docket Entry No. 1-1 at 1).

Analyzing a constitutional claim based upon "deliberate indifference" to the needs of a prisoner involves both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The subjective component requires that an inmate show that prison officials have "a sufficiently culpable state of mind" in denying care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834)). The prison official "must both be aware

6

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

In this case, Plaintiff Bostic complains that the Defendants have failed to assist him in signing up for various community services that would be available to him only after he is released. Significantly, the complaint fails to claim that the absence of these services exposes Plaintiff to a serious risk of harm while he is confined in the custody of Defendants. Accepting the facts pled in the complaint as true, the undersigned Magistrate Judge finds that the complaints raised by Plaintiff Bostic here are not sufficiently serious to implicate constitutional protection.

Plaintiff Bostic does allege on the fifth page of his complaint that he suffers from "severe terminal illnesses" including "brain autism, brain tumors, brain lesions, brain cyst and internal bleeding," but he makes no claim here that Defendants have been deliberately indifferent to medical needs related to these alleged conditions. Instead, Plaintiff claims that because of these terminal illnesses he "is not expected to live that long which requires a medical furlough or medical health discharge." In the absence of any allegation that Defendants have denied him appropriate medical treatment or otherwise have been deliberate indifferent to his serious medical needs, the undersigned Magistrate Judge finds that the allegations of Plaintiff's

complaint, taken as true, fail to implicate constitutional protections and, therefore, that his complaint fails to state a claim for which relief can be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e(c)(1).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 9th day of February, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge