UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. BOSTIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-CV-1068 |
| | ) | Judge Aleta A. Trauger |
| SHARA BIGGS, MENTAL HEALTH | ) | |
| COOPERATIVE, INC., ENSLEY | ) | |
| DAWSON, MS. AMBER (l/n/u), and | ) | |
| DAVIDSON COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 20, 2015, the Magistrate Judge issued a Report and Recommendation ("First R&R") that recommends that the Complaint be dismissed as to defendants Davidson County Sheriff's Office ("DCSO") and "Ms. Amber." (Docket No. 25.) The plaintiff timely filed Objections. (Docket No. 28). On February 9, 2015, the Magistrate Judge issued a Report and Recommendation ("Second R&R") that recommends that the Complaint be dismissed in its entirety, under the Prison Litigation Reform Act of 1995, for failure to state a claim upon which relief can be granted. (Docket No. 29.) The plaintiff timely filed Objections. (Docket No. 38). The plaintiff's Objections contain a request to amend the Complaint. (*Id.*)

For the following reasons, the court will overrule both Objections in part, sustain both Objections in part, accept and adopt both R&Rs in part, reject both R&Rs in part, allow the plaintiff an opportunity to amend the Complaint, and return this matter to the Magistrate Judge for further proceedings.

1

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Upon reviewing the objections, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

Plaintiff James E. Bostic ("Bostic") is an individual who, at all times relevant to this action, has been in the custody of the DCSO. The DCSO is a unit of the Metropolitan Government of Nashville and Davidson County ("Metro Government") that, *inter alia*, operates Metro Government jails. Defendant Ensley Dawson ("Dawson") is a DCSO Mental Health Coordinator. Defendant Ms. Amber is – to extent the court is able to discern – a DCSO mental health staff person. Defendant Mental Health Cooperative, Inc. ("MHC") is a behavioral health agency serving adults, including those held by the DCSO, with serious mental illness through management, rehabilitation, and recovery. Defendant Shara Biggs ("Biggs") is a social worker employed by MHC.

On February 21, 2014, Bostic filed a Complaint against the defendants in the Circuit Court of Davidson County, Tennessee. (Docket No. 1-1.) The Complaint alleges denial of adequate mental health services while Bostic was in the custody of the DCSO and under the care

of the MHC, in violation of the Americans with Disability Act ("ADA") and the 8th and 14th Amendments to the U.S. Constitution. (*Id*.) Specifically, Bostic alleges that Biggs told Bostic that he would be given a "mental health assessment recommendation treatment plan" so that, once he was released, "everything would be in place, such as community housing, community case management services, community counseling services and community substance abuse treatment program services." (Docket No. 1-1 at p. 1.) Plaintiff further alleges that Biggs thereafter intentionally failed and refused to assist him or support him and that the DCSO has failed to correct this problem. (*Id*. at p. 1-2.) Bostic also asserts that MHC is liable for Biggs's acts and omissions. (*Id*.) The Complaint further alleges that, on December 19, 2013, Dawson sent Bostic a letter stating that she was not going to "help, assist or support" him in obtaining mental health services. (*Id*. at p. 3.) Finally, Bostic alleges that, on January 15, 2014, Ms. Amber came to see Bostic and told him that she was going to help him and would return but that she never came back. (*Id*.) Bostic claims that the defendants' failure to arrange mental health services has caused him "emotional, mental, physical pain and suffering." (*Id*. at pp. 1-6.)

MHC removed the action to this court on April 25, 2014. (Docket No. 1.) The court assigned this matter to the Magistrate Judge for all pretrial matters. (Docket No. 15.) On August 18, 2014, defendants DCSO and Dawson filed a Motion for Frivolity Review and to Stay the Filing of Responsive Pleadings and Suspend All Other Deadlines ("Motion for Frivolity Review"). (Docket No. 19.) In the Motion for Frivolity Review, the DCSO and Dawson asked the court to review Bostic's claims for frivolity pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq.* ("PLRA"), and to dismiss any claims that fail to state a cognizable claim for relief. (*Id*. at p.p. 1-2.) The Motion for Frivolity Review requested, *inter*

3

*alia*, determinations as to (1) whether the DCSO was "an entity capable of being sued" for constitutional violations under 42 U.S.C. § 1983, and (2) if so, whether the Complaint states a valid constitutional claim. (*Id*. at p. 2.)

Bostic filed a Response in opposition to the Motion for Frivolity Review, in which he reiterated the allegations of the Complaint. (Docket No. 21.) Bostic concurrently filed a Motion for Leave to File an Amended Complaint, in which he requested permission to add "other facts." (Docket No. 22.) No response to his motion was filed. Bostic also concurrently filed a one-sentence "Motion to Dismiss Defendants Ms. Amber and DCSO," which contained no explanation. (Docket No. 23.) No response was filed to this motion either.

## I. **The First R&R and Objections**

On January 20, 2015, the Magistrate Judge issued the First R&R, which addressed the Motion to Dismiss Defendants Ms. Amber and the DCSO. (Docket No. 25.) Because Bostic had made this filing before any opposing party had served an answer or a motion for summary judgment, the Magistrate Judge (1) construed the Motion as a notice of dismissal of the two defendants under Federal Rule of Civil Procedure 41(a)(1)(A), and (2) found that Bostic should be permitted to dismiss his complaint against Ms. Amber and the DCSO pursuant to Rule 41(a)(1). (*Id*. at p. 1.)

On February 2, 2015, Bostic filed Objections to the First R&R. (Docket No. 28.) Despite the earlier one-sentence filing concerning dismissing the DCSO from this action, the Objections contain six single-lined pages of pointed argument concerning the importance of keeping the DCSO in the case. Specifically, Bostic contends that the DCSO is deliberately (1) refusing to give him copies of medical records that are necessary to secure appropriate treatment

4

and support services and (2) keeping incorrect medical information in the DCSO's systems to his detriment. (*Id*. at p. 2.) Bostic claims that he was informed by a drug court official that he was not accepted into certain programs due to the specific actions of the DCSO. (*Id*. at pp. 2-3.) The remainder of the Objections consists of a reiteration of Bostic's basic allegations that he has not been provided with certain community-based mental health services as promised. (*Id*. at 3-7.) The Objections state that Bostic has "been threatened, put at serious physical harm, willful abuse, neglect, exploitation, physical abuse, gross negligence, in violation of state and federal law," but they do not provide any further specific details. (*Id*. at 6.)

## II.     The Second R&R and Objections

On February 9, 2015, the Magistrate Judge issued the Second R&R, to address the Motion for Frivolity Review under the PLRA. (Docket No. 29.) While the Motion for Frivolity Review was filed by the DCSO and Dawson, the Magistrate Judge, *sua sponte*, undertook the review as to Bostic's claims against all defendants. The Magistrate Judge explained that an action in which a prisoner plaintiff challenges conditions of his confinement is subject to an initial review under 42 U.S.C. § 1997e(c)(1), which provides, in pertinent part, that the court shall, on its own motion or on the motion of any party, dismiss any action brought with respect to prison conditions under Section 1983 or any other federal law if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. (*Id*. at p. 2.) The Magistrate Judge noted that the Sixth Circuit has held that the legal standard governing a motion to dismiss for failure to state a claim under 42 U.S.C. 1997e is the same as that governing a

5

motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6).¹ (*Id*. at pp. 2-4.)

Applying the proper motion to dismiss standard, the Magistrate Judge analyzed Bostic's factual allegations to determine if they stated a claim for deprivation of a constitutional right. The Magistrate Judge observed that the Complaint focused on the allegations that (1) Bostic would be given a mental health treatment plan, housing, community case management services, and community substance abuse treatment program services upon his release from DCSO custody, (2) the defendants had each promised to arrange these services in various ways, and (3) the defendants had all allegedly failed to do so. (*Id*. at p. 4.) It was these failures, the Magistrate Judge highlighted, that Bostic claimed had caused him pain and suffering and violated his constitutional rights. (*Id*. at p. 5.)

The Magistrate Judge acknowledged that the Eighth Amendment to the U.S. Constitution requires prison officials to "assume some responsibility for [each prisoner's] safety and general

---

¹ In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

well-being" and to "provide for his basic human needs," including medical care. (*Id.* at p. 5 (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).) Furthermore, the Magistrate Judge observed that the Supreme Court has held that "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment because it constitutes the "unnecessary and wanton infliction of pain," contrary to contemporary standards of decency. (*Id.* at p. 6 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).) The Magistrate Judge explained that analyzing a constitutional claim based upon deliberate indifference to the needs of a prisoner involves both subjective and objective components. (*Id.* at pp. 6-7 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).) Specifically, the objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. (*Id.* at p. 6 (citing *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).) The subjective prong requires that an inmate show that prison officials have "a sufficiently culpable state of mind" in denying care. (*Id.* at p. 7 (citing *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).) As the Magistrate Judge highlighted, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (*Id.*)

Taking the allegations of Bostic's Complaint as true and applying these constitutional principles, the Magistrate Judge concluded that the Complaint was not based upon an allegation that the defendants had been deliberately indifferent to Bostic's serious medical needs. More specifically, the Magistrate Judge found that Bostic merely complains about the defendants' failure to assist him in arranging for services that would become available once he was released. (*Id.* at p.p. 6-7.) As such, the Magistrate Judge found that Bostic fails to claim that the absence

7

of these services exposes him to a serious risk of harm while presently confined in the custody of the defendants. (*Id*.) Implicit in the Magistrate Judge's discussion is the conclusion that there is an absence of alleged facts from which any prison official could have drawn an inference of substantial risk of harm to Bostic sufficient to achieve the culpable state of mind necessary for a constitutional violation to have occurred. (*Id*. at 6-7.)

Finally, the Magistrate Judge noted that the Complaint states that Bostic suffered from "severe terminal illnesses," including "brain autism, brain tumors, brain lesions, brain cyst and internal bleeding," but the Complaint makes no claim that the defendants have been deliberately indifferent to medical needs related to those particular conditions. Instead, the Complaint merely seeks a medical health discharge related to those conditions. The Magistrate Judge found, therefore, that the Complaint's allegations related to those conditions, taken as true, also failed to implicate constitutional protections.

Accordingly, the Magistrate Judge recommended that Bostic's entire Complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to 42 U.S.C. § 1997e(c)(1).

Bostic filed Objections on February 23, 2015. (Docket No. 38.) First, Bostic objects on the grounds that he has filed grievances against defendants Dawson and the DCSO, but they have not corrected any problems in response. (*Id*. at p. 1, 10.) Second, Bostic complains that "there is no prison self help litigation manual or any other [Section] 1983 law material available in the [DCSO's] jail law library" that Bostic could use to adequately pursue his civil rights case and that DCSO officials have refused to provide Bostic with legal material, "despite his past and present requests." (*Id*. at 2.) Third, Bostic reiterates at length his belief that his claims

concerning the failure to arrange future mental health treatment and community services are "plausible." (*Id*. at pp. 3-5, 6-8, 10.) Fourth, Bostic claims he has "brain neurological conditions" and "other serious internal medical illnesses" that, if properly cared for, would require performing a "brain scan and other tests" but that DCSO's medical doctors "will not set [Bostic] up for outside neurological care appointment or any other necessary appointments because the care he needs is [too] expensive." (*Id*. at 5.) Fifth, Bostic contends that his clothing has been "nasty and dirty" for five months and that DCSO will not provide new uniforms. (*Id*. at p. 9.) Sixth, Bostic alleges that the defendants will not provide him with "any rehabilitation drug and/or alcohol treatment program for his drug and alcohol issues/problems" and that he is "being neglected and abused by the case managers at the Metro jail." (*Id*.) Seventh, Bostic complains that the DCSO has "for a whole month and a half been passing out old dull razors preventing [Bostic] and other inmates from being able to [ ] groom."[2] (*Id*.)

Bostic's Objections include a specific request to amend the complaint to "add other appropriate defendants," including "DCSO Mental Health Coordinator Jeff Blum, etc."[3] (*Id*. at p. 6.)

### III. Denial of the Motion for Leave to Amend

---

[2] Bostic also offers a procedural objection – namely, that he did not see a copy of the Motion for Frivolity Review, and thus did not have a chance to defend against it. However, the record reflects that Bostic filed a Response to the Motion for Frivolity Review on August 22, 2014 (Docket No. 21), which belies this objection.

[3] Bostic has also included with his Objections a "Notice" that advises the court that Bostic was informed that he was accepted into a mental health court program but that a promised mental health court program assessment never occurred. The identity of the Tennessee state court that Bostic is currently before is not determinative of anything before this court; the fact that Bostic remains in the custody of the DCSO is the relevant fact.

Concurrently with the Second R&R, the Magistrate Judge denied Bostic's Motion for Leave to File an Amended Complaint on the grounds that, under the PLRA, the Magistrate Judge did not have discretion to permit Bostic to amend his Complaint to avoid a *sua sponte* dismissal based upon failure to state a claim upon which relief can be granted.[4] (Docket No. 30 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).) The Magistrate Judge noted, however, that this denial was without prejudice, and he stated that Bostic could renew his request for leave to amend if this court rejected the Second R&R. (*Id.* at pp. 1-2.)

## ANALYSIS

**I.    The First R&R**

When the Magistrate Judge issued the First R&R, he had the benefit only of a one-sentence filing in which Bostic had apparently moved to dismiss defendants Ms. Amber and the DCSO from this action. The Magistrate Judge deemed that filing to be a notice of voluntary dismissal. However, Bostic's Objections make it clear to the court that, despite the filing of the brief Motion to Dismiss, Bostic actually had no desire to dismiss the DCSO from this action. To the contrary, Bostic's complaints about the DCSO are at the very core of this case; indeed, Bostic's Motion for Leave to Amend sought to add additional facts to his claims against, *inter*

---

[4] Giving the liberal approach due a *pro se* litigant, the court construes Bostic's request to file an amended complaint contained in the Objections to the Second R&R as an appeal of the Magistrate Judge's denial of Bostic's Motion for Leave to File an Amended Complaint. The court has considered that issue and finds that the Magistrate Judge's denial was error. The case relied upon for the proposition that the court did not have discretion to allow an amended complaint upon dismissal under the PLRA – *McGore v. Wrigglesworth* – was overruled in 2013 by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). It is currently the law in the Sixth Circuit that a judge does indeed have the discretion to allow a plaintiff to amend his complaint, even when the complaint is subject to *sua sponte* dismissal in its entirety under the PLRA. *Id.* at 951. For this reason, the court will reverse the denial of Bostic's Motion for Leave to Amend. The court discusses the contours of Bostic's permitted amendments in its analysis.

*alia*, the DCSO. Bostic's Objections to the Second R&R further demonstrate his intent to pursue an action against the DCSO, and Bostic's request to amend the Complaint contained therein seeks to add allegations concerning at least one DCSO employee. For these reasons, the court concludes that, for an unknown reason, Bostic requested the dismissal of the DCSO in error. It is equally apparent to the court that Bostic recognized that fact and immediately attempted to rectify the situation via his lengthy Objections. Notably, however, Bostic did not object to the Magistrate Judge's conclusion as to the voluntary dismissal of defendant Ms. Amber.

Giving Bostic the leniency appropriate for a *pro se* litigant, the court finds it appropriate to conclude that he did not intend to dismiss the DCSO from this action. Accordingly, the court will accept the First R&R as to the dismissal of defendant Ms. Amber and reject the First R&R as to the dismissal of defendant DCSO.

## II.     The Second R&R and Leave to Amend

The court finds that the Magistrate Judge correctly (1) applied the motion to dismiss standard and (2) concluded that Bostic's claims as to the defendants' failure to plan for future mental health treatment and community services after his release from confinement are insufficient to implicate constitutional protections. Bostic's Objections concerning these particular claims merely restate the Complaint. Bostic certainly may believe that it is "plausible" to find the defendants liable for not providing a level of client service that Bostic prefers; however the failure to provide these particular services cannot constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment. As to those services, Bostic fails to state a Section 1983 claim upon which relief can be granted.

However, in the Objections to the Second R&R, Bostic clarifies two other potential

deliberate indifference claims. Specifically, Bostic contends that (1) the defendants are failing to treat his physical brain conditions by refusing to schedule him for doctors appointments/brain scans, and (2) he is being neglected and abused because the defendants are refusing to provide him with drug and alcohol treatment and rehabilitation services. The claims are closer to the realm of Eighth Amendment constitutional jurisprudence, and the court finds it to be appropriate for Bostic to have an opportunity to amend the Complaint to make these allegations in the first instance.

In addition, Bostic raises the possibility of several other claims beyond the specific arena of deliberate indifference to a serious medical need – concerning, *e.g.*, the alleged general neglect of prisoners, alleged use of dull razors, alleged allocation of medical services based on cost rather than medical necessity, and alleged denial of access to legal materials.[5] It is possible that these potential claims may arise from the "additional facts" that Bostic sought leave to include in the amended complaint. In the interests of justice, the court will also allow Bostic an opportunity to add the other claims raised in the Objections to the Second R&R.

In sum, the court will accept the R&R as to the dismissal of Bostic's Section 1983 deliberate indifference claims concerning mental health treatment and community services to be made available upon release from confinement. The court will, however, reject the R&R as to

---

[5] In addition to noting that Bostic has exhausted his grievances, Bostic's Complaint and Objections also appear to potentially raise a complaint regarding how his grievances are handled by prison officials. The court notes that this is not an appropriate claim under Section 1983. Although a plaintiff may feel that his prison grievances were not taken seriously or handled properly, a plaintiff cannot premise a Section 1983 claim on allegations that an institution's grievance procedure was inadequate or unresponsive, because there is no inherent constitutional right to an effective prison grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (*overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)); *Abdulkarim*, 2015 WL 569868, at *3.

12

the dismissal of the Complaint in its entirety, and, based upon that decision, allow Bostic to file an amended complaint in keeping with this Memorandum and Order.

### III. Status of the DCSO as a Section 1983 Claim Defendant

As discussed *supra*, the court has remedied the dismissal of the DCSO from the case, and the court will allow Bostic to file an amended complaint. However, the plaintiff must recognize that the DCSO "is an agency or unit of the Metropolitan Government of Nashville and Davidson County . . . and is not a suable entity itself." *Abdulkarim v. Metropolitan Sheriff Dept.*, No. 15-cv-00040, 2015 WL 569868, at *2 (M.D. Tenn. Feb. 11, 2015); *see also Camp v. Knox County, Tenn.*, No. 3:14-CV-257-PLR-HBG, 2015 WL 461642, at *2 (E.D. Tenn., Feb. 3, 2015) ("The federal district courts in Tennessee have consistently held that sheriff's departments are not proper parties to § 1983 suits."); *Williams v. Davidson County Sheriff's Office*, No. 2012 WL 4849897, at *5 (M.D. Tenn. Oct. 10, 2012) ("The Davidson County Sheriff's Office, however, is not an entity that may be sued under § 1983."); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Smith v. Tenn. Dep't of Corr.*, No. 3:09-mc-0107, 2009 WL 1505308 (M.D. Tenn. May 27, 2009) ("Sheriffs' Offices and police departments are not bodies politic, and as such are not 'persons' within the meaning of Section 1983 . . . .").

Rather, it is the Metro Government that is the proper defendant when the complained-of actions are those of the DCSO. However, while Metro Government is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under §

13

1983 for [its] employees' actions." *Connick v. Thompson*, – U.S. –, 131 S.Ct. 1350, 1359 (2011) (internal citations and quotation marks omitted). A municipality may be liable under Section 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S.Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [in] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The Complaint, as it stands, does not contain any allegations sufficient to state a municipal liability claim against Metro Government, and, thus, the court cannot construe the Complaint to state a claim against Metro Government instead of against the DCSO, even under a liberal reading due a *pro se* litigant. It is Bostic's responsibility to state such a claim in any amended complaint or face a motion for dismissal of his claims.

In sum, in the amended complaint, Bostic may, if he so chooses, substitute Metro Government for the DCSO and allege facts that he believes to be sufficient to plead a Section 1983 municipal liability claim. If Bostic fails to substitute Metro Government for the DCSO, or otherwise takes no action as to the status of the DCSO as a defendant, the DCSO may request to

be dismissed from this matter on the grounds that it is not an entity that can be sued under Section 1983.[6]

## CONCLUSION

For these reasons, the court finds as follows:

1. Plaintiff James E. Bostic's Objections (Docket No. 28) are **OVERRULED IN PART AND SUSTAINED IN PART**.

2. The Magistrate Judge's Report and Recommendation (Docket No. 25) is **ACCEPTED AND ADOPTED IN PART AND REJECTED IN PART.**

3. Plaintiff James E. Bostic's Motion to Dismiss Defendants "Ms. Amber and "DCSO" (Docket no. 23) is **GRANTED IN PART AND DENIED IN PART**.

4. Plaintiff James E. Bostic's Objections (Docket No. 38) are **OVERRULED IN PART AND SUSTAINED IN PART**.

5. The Magistrate Judge's Report and Recommendation (Docket No. 29) is **ACCEPTED AND ADOPTED IN PART AND REJECTED IN PART.**

6. Defendant Ensley Dawson and Davidson County Sheriff's Office's Motion for Frivolity Review and to Stay the Filing of Responsive Pleading and Suspend All Other Deadlines (Docket No. 19) is **GRANTED IN PART AND DENIED IN PART**.

7. The Order Denying Motion for Leave to File Amended Complaint (Docket No. 30) is **REVERSED**.

8. The plaintiff is **GRANTED** leave to file an amended complaint, as discussed herein, within forty-five days of the date of this Order.[7]

9. The defendants **SHALL** answer or otherwise move in response to the amended

---

[6] This discussion concerns defendant DCSO solely and does not concern the plaintiff's ability to pursue Section 1983 claims against individual defendants employed by the DCSO or Metro Government who may have acted under color of state law.

[7] The court notes that while the Complaint invokes the ADA, the Magistrate Judge did not address any ADA claims and Bostic has not offered any specific discussion in the Objections of what ADA claims, if any, he actually makes.

complaint within thirty days of its filing.

10. This matter is returned to the Magistrate Judge for additional handling under the original referral order.

It is so **ORDERED**.

Enter this 13th day of February 2015.

_____
ALETA A. TRAUGER
United States District Judge