UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES E. BOSTIC,               )
                               )
          Plaintiff            )
                               )    No. 3:14-1068
v.                             )    Judge Trauger/Bryant
                               )    Jury Demand
SHARA BIGGS, *et al.*,         )
                               )
          Defendants           )

TO:  **THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Plaintiff's second motion to amend his complaint (Docket Entry No. 74). By this motion, Plaintiff seeks leave to add as an additional Defendant "CCA – MDCDF." Defendants Biggs and Mental Health Cooperative, Inc. have filed their response in opposition (Docket Entry No. 77). Plaintiff Bostic has filed a reply (Docket Entry No. 80).

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's second motion for leave to amend his complaint be denied.

**STATEMENT OF THE CASE**

In his amended complaint (Docket Entry No. 51), Plaintiff Bostic complains of his conditions of confinement at the Davidson County Jail. Specifically, the undersigned liberally construes Plaintiff's amended complaint to allege deliberate indifference to Plaintiff's serious "neurological conditions," "internal bleeding

conditions," "mental illness," and "common cold and cough." Plaintiff also complains that he was denied showers and "rec" for 18 days while confined in the jail's medical unit in July and August 2013. Finally, Plaintiff complains that the "two 250 mg Tylenol pills and antibiotic pills" dispensed by the jail were insufficient to treat his pain from a toothache in March 2005, and that the jail nurse failed to call or notify a dentist despite promising Plaintiff that she would.

## ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a court should freely give leave [to amend a pleading] when justice so requires." Factors that may affect this determination include undue prejudice to the opposing party, and futility of the amendment. *Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). Moreover, the granting or refusing of leave to file a supplemental pleading rests in the discretion of the trial court. *Schuckman v. Rubenstein*, 164 F.2d 952 (6th Cir. 1947).

Here, Plaintiff's proposed amendment is a supplemental pleading governed by Rule 15(d), since is seeks to add at least one additional party and relates to events alleged to have occurred since the filing of the original complaint. Specifically, Plaintiff seeks to add as an additional defendant "CCA-MDCDF" and seeks to

assert claims regarding alleged events occurring at the detention facility operated by Corrections Corporation of America as a contractor for the Davidson County Sheriff's Office. According to Plaintiff's filing, he was transferred to this facility on September 10, 2015, almost 17 months after Plaintiff filed his complaint in this case (Docket Entry No. 74 at 2).

In light of the foregoing facts, the undersigned Magistrate Judge finds that to allow Plaintiff to amend his complaint, yet again, to name new parties and raise new claims based on alleged events occurring at a new detention facility would unduly delay the resolution of the claims already in this case and would unfairly prejudice Defendants Biggs and Mental Health Cooperative, by raising new claims in which they have no involvement.

For the foregoing reasons, the undersigned finds that Plaintiff's motion to amend his complaint to add parties (Docket Entry No. 74) should be denied without prejudice to Plaintiff's right to pursue such claims in a new action.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's motion to add new defendants and assert supplemental claims (Docket Entry No. 74) should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 8ᵗʰ day of August, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge