UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES E. BOSTIC, | |
| Plaintiff, | No. 3:14-cv-01068 |
| v. | JUDGE TRAUGER |
| | MAGISTRATE JUDGE NEWBERN |
| SHARA BIGGS, ET AL., | |
| Defendants. | |

To:     The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

The District Court referred this 42 U.S.C. § 1983 action to the undersigned Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B) to dispose or recommend disposition of any pretrial motions and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Doc. No. 65.)

Pending before the Court are Defendant Metropolitan Government of Nashville and Davidson County's (Metro Government) Motion to Dismiss (Doc. No. 105) and Motion to Remand (Doc. No. 128). Plaintiff James Bostic has responded in opposition to both motions. (Doc. Nos. 107, 139.) For the following reasons, the undersigned recommends that the Motion to Remand be GRANTED and the Motion to Dismiss be DENIED AS MOOT.

# I.    Background

At the time Plaintiff James E. Bostic filed his Complaint,[1] he was an inmate in the custody of the Davidson County Sheriff's Office (DCSO). (Doc. No. 1.) The DCSO is a unit of Metro Government that operates its jails. In his Complaint and Amended Complaint, Bostic alleges that, while he was in the DCSO's custody, Defendants denied him adequate medical care, showers, recreational time, and mental health and related services. (Doc. Nos. 1, 51.)  He brings claims under the Eighth Amendment and the Americans with Disabilities Act of 1992. (*Id.*)

Bostic filed this action in the Circuit Court for Davidson County. (Doc. No. 1.) Defendant Mental Health Cooperative (MHC) removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. (*Id.*) When MHC filed its Notice of Removal, no other defendant had yet been served. (*Id.*)

The District Court considered the adequacy of Bostic's Complaint in its March 13, 2015 Order granting in part and denying in part the Motion for Frivolity Review of Defendants Davidson County Sheriff's Office and Xyzeidria Ensley. (Doc. No. 43.) In that order, the District Court instructed Bostic that the proper governmental defendant to his claims was Metro Government, not the DCSO, because the DCSO "is an agency or unit of the Metropolitan Government of Nashville and Davidson County . . . and is not a suable entity itself." (*Id.* at PageID# 186–87 (quoting *Abdulkarim v. Metro. Sheriff Dep't*, No. 3:15-cv-00040, 2015 WL 569868, at *2 (M.D. Tenn. Feb. 11, 2015)).). In response to the District Court's order (Doc. No. 43), Bostic filed a motion to voluntarily dismiss the DCSO as a defendant (Doc. No. 50) and a motion to amend his complaint (Doc. No. 51).

---

[1]    Bostic has been incarcerated at the Bledsoe County Correctional Complex since at least November 28, 2016. (Doc. No. 163.)

Magistrate Judge Bryant granted both motions and substituted Metro Government for the DCSO as a defendant on November 23, 2015, but did not order summonses issued to serve process on Metro Government as a newly named defendant. (Doc. No. 89.) It appears from the record that Metro Government was not served with that order. (*Id.*) Nor was it served with Bostic's Amended Complaint. (Doc. No. 92.)

On March 23, 2016, Metro Government filed a motion to dismiss for failure to state a claim and insufficient service of process. (Doc. No. 105.) On July 1, 2016, Magistrate Judge Bryant ordered service of process on Metro Government be executed by the U.S. Marshal Service on Bostic's behalf. (Doc. No. 122.) Metro Government was served on July 8, 2016. (Doc. No. 126.) It filed its Motion to Remand on July 29, 2016. (Doc. No. 128.)

## II.     Analysis

The rule of unanimity, now codified in the removal statute, requires that all defendants "who have been properly joined and served" must agree to remove a case from state to federal court to properly invoke federal jurisdiction. 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003). While section 1446 addresses defendants who have been served at the time a removal notice is filed, the right to file a motion to remand is preserved by statute for defendants upon whom process is served after removal. 28 U.S.C. § 1448; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 n.6 (1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985)).

Section 1448 does not specify a time period within which later-served defendants must move to remand. However, section 1447 requires that a motion to remand be made "within 30 days

after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The analogous timeframe for a later-named defendant is 30 days from the date of service. *See, e.g.*, *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 279 (E.D.N.Y. 2014) ("[T]he statute places the burden on the later-served defendants to make a motion to remand within 30 days of service if they do not consent.").

MHC removed this case on April 25, 2014. (Doc. No. 1.) Metro Government was not served until July 8, 2016. (Doc. No. 126.) Metro Government moved to remand the case on July 29, 2016, twenty-one days after service, asserting its right not to consent to removal. (Doc. Nos. 128, 129.)

While Metro Government apparently had knowledge of Bostic's Amended Complaint at the time it filed its Motion to Dismiss, section 1448 preserves the right of "any defendant upon whom process is *served* after removal . . . to move to remand the case." 28 U.S.C. § 1448 (emphasis added); *see also* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined *and served* must join in or consent to the removal of the action.") (emphasis added). Thus, because Metro Government moved to remand within thirty days after it was served, its Motion to Remand is timely, despite its earlier filing.

Because Metro Government's motion defeats unanimity among Defendants, remand is required. 28 U.S.C. § 1446(b)(2)(A); *Loftis*, 342 F.3d at 516 ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."). A procedural defect in removal is not a jurisdictional issue such that a court may address it sua sponte if not raised by the parties. *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). However, the unanimity rule, like all rules governing removal, is to be strictly interpreted with ambiguities "resolved in favor of remand to the state courts." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 283 (6th Cir. 2016) (quoting

*Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991)); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001); *Zipline Logistics, LLC v. Powers & Stinson, Inc.*, No. 2:15-cv-693, 2015 WL 4465323, at *4 (S.D. Ohio July 21, 2015), *adopted by Zipline Logistics, LLC v. Powers & Stinson, Inc.*, No. 2:15-00693, 2015 WL 5139084 (S.D. Ohio Sept. 2, 2015). "This is because removal jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established." *Holston*, 1991 WL 112809, at *3. Such jurisdictional concerns counsel that the Court address Metro Government's Motion to Remand before resolving other substantive motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

For this reason, the undersigned recommends that Metro Government's Motion to Remand (Doc. No. 128) be granted and its Motion to Dismiss (Doc. No. 105) denied as moot. *See Credit One Bank, N.A. v. Sneed*, No. 3:11-0563, 2011 WL 6749033, at *1 (M.D. Tenn. Dec. 20, 2011).


III.     **Recommendation**

In light of the foregoing, the Magistrate Judge RECOMMENDS that Metro Government's Motion to Remand (Doc. No. 128) be GRANTED and the action be remanded to the Circuit Court for Davidson County, Tennessee. The Magistrate Judge also recommends that Metro Government's Motion to Dismiss (Doc. No. 105) be DENIED AS MOOT.

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections has fourteen (14) days from receipt of any objections filed in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

      Entered this 13th day of January, 2017.

ALISTAIR E. NEWBERN
United States Magistrate Judge